# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAMONT HOWARD,

    Petitioner,

vs.

HAROLD WICKHAM, *et al.*,

    Respondents.

Case No. 3:16-cv-00665-HDM-VPC

**ORDER**

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

The *pro se* petition, application to proceed *in forma pauperis*, and motion for the appointment of counsel were received by the Court on November 17, 2016. (ECF No. 1, 1-1 , 1-2).

By order filed November 18, 2016, the Court denied petitioner's application to proceed *in forma pauperis* in this action. (ECF No. 3). Petitioner then paid the filing fee for this action. (ECF No. 4).

On December 20, 2016, the Court issued an order directing the Clerk to file the petition and petitioner's motion for the appointment of counsel. (ECF No. 5; ECF Nos. 6 & 7). In that same order, the Court required petitioner to show cause, within 30 days, why the petition should not be dismissed with prejudice as time-barred. (ECF No. 5). On January 18, 2017, petitioner filed a motion for an extension of time to respond to the order to show cause. (ECF No. 8). On the same

day, petitioner filed his response to the order to show cause. (ECF No. 9). In his response, petitioner explained that the attorney litigating his post-conviction petition and appeal abandoned him and never communicated to him that the appeal was denied. (*Id.*, at pp. 2-3). Significantly, petitioner's attorney never returned the case file to petitioner. (*Id.*, at pp. 3-4). Petitioner filed a motion in state court seeking the return of his case file, which the state district court granted. (*Id.*, at p. 4). In state court, it was established that petitioner's counsel resigned from the State Bar of Nevada and no longer lives in Nevada. (*Id.*). These facts are supported by petitioner's exhibits attached to his response to the order to show cause. (*Id.*, Attached Exhibits). Petitioner submits that the situation surrounding his counsel's failure to inform him of the Nevada Supreme Court's decision and failure to return his case file excuses any untimely filing of the federal petition. *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *see e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2007).

Petitioner has filed a motion for the appointment of counsel. (ECF No. 7). Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The federal habeas petition submitted in this action includes many claims, the contents of which suggest that it may be a relatively complex action. In the underlying state criminal case, petitioner was convicted of multiple crimes and was sentenced to imprisonment for life with the possibility of parole. In his motion seeking counsel, petitioner states that he has problems with his hands and is unable to write. The Court notes that the federal petition was drafted not by petitioner, but by another inmate, suggesting that petitioner lacks the ability necessary to litigate this federal

-2-

habeas action. Moreover, it appears that petitioner's counsel never turned over the file to petitioner, and petitioner is still without his criminal file. Given all of these circumstances, the Court grants petitioner's motion for the appointment of counsel.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

**IT IS THEREFORE ORDERED** that petitioner's motion for an extension to respond to the order to show cause (ECF No. 8) is **GRANTED nunc pro tunc.**

**IT IS FURTHER ORDERED** that the order to show cause (ECF No. 5) is **HEREBY DISCHARGED.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 7) is **GRANTED**. The Federal Public Defender is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ELECTRONICALLY SERVE** the Federal Public Defender for the District of Nevada (FPD) a copy of this order, together with a copy of the petition for writ of habeas corpus and its attachments (ECF No. 6). The FPD shall have **thirty (30) days** from the date of entry of this order to undertake direct representation of petitioner or to indicate to the Court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL** add Attorney General Adam Paul Laxalt to the CM/ECF docket sheet and serve respondents with a copy of this order. Respondents' counsel **SHALL ENTER** a notice of appearance herein within **ten (10) days** of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL SEND** a copy of this order to the CJA Coordinator.

**IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition.

Dated this 15th day of May, 2017.

*Howard D. McKibben*
_____
HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE