**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAMONT HOWARD,

    Petitioner,

v.

HAROLD WICKHAM, et al.

    Respondents.

3:16-cv-00665-HDM-VPC

**ORDER**

This counseled habeas matter comes before the court on petitioner's motion for discovery (ECF No. 15). Respondents have opposed (ECF No. 18), and petitioner has replied (ECF No. 19).

Petitioner seeks discovery aimed at uncovering where his case file, which was last with his postconviction counsel Robert Story, might be located, and, if it cannot be located, at partially reconstructing the file by obtaining certain documents from the Washoe County District Attorney's Office and the Reno Police Department. Although a petition has been filed in this case, petitioner has been granted leave to file an amended petition through appointed counsel.

"A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (citing *Bracy, Bracy v. Gramley,* 520 U.S. 899, 903-05). Discovery in habeas matters is governed by Rule

6 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."

The Supreme Court has construed Rule 6, holding that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). This inquiry is informed by the essential elements of the claims for which petitioner seeks discovery. *Id.* at 904. Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations contained in existing claims. *See also Rich*, 187 F.3d at 1067 ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'"). Moreover, additional factors may influence whether the court grants leave to conduct discovery. *See, e.g., Sherman v. McDaniel*, 333 F. Supp. 2d 960, 969 (D. Nev. 2004) (noting that the court, in exercising its discretion under Rule 6, should take into consideration whether the claims to which petitioner's proposed discovery relates are exhausted in state court).

The court concludes that petitioner's motion to conduct discovery

is, at this point in the proceedings, premature, as well as overbroad. The motion for leave to conduct discovery (ECF No. 15) is therefore denied, without prejudice, to renew after the record has been more fully developed.

Also pending before the court is the petitioner's motion for an extension of time to file his first amended petition. (ECF No. 17). The motion is granted. Petitioner shall have up to and including May 30, 2018, within which to file a first amended petition.

IT IS SO ORDERED.

DATED: This  1st   day of March, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE