**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAMONT HOWARD,<br><br>      Petitioner,<br><br>    v.<br><br>HAROLD WICKHAM, et al.<br><br>      Respondents. | 3:16-cv-00665-HDM-VPC<br><br>**ORDER** |

This counseled habeas petition comes before the court on respondents' motion to dismiss the petition as untimely.[1] (ECF No. 29). Petitioner has opposed (ECF No. 43), and respondents have replied (ECF No. 47). Petitioner argues that he is entitled to equitable tolling and has moved for discovery related to that claim. (ECF No. 34). Respondents have opposed (ECF No. 38), and petitioner has replied (ECF No. 41).

Petitioner challenges his 2011 state court conviction for sexual assault, kidnapping in the first degree, attempted sexual assault, and two counts of battery with intent to commit sexual assault. (Ex. 56).[2] The Nevada Supreme Court affirmed on direct appeal. (Ex. 80). Petitioner thereafter filed a state postconviction petition for habeas

---

[1] Although the motion also sought to dismiss Ground 1 as unexhausted, respondents withdraw the argument in their reply.

[2] The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 30-33.

corpus relief. (Ex. 83). Robert Story was appointed to represent petitioner in those proceedings, and Mr. Story filed a supplemental petition on petitioner's behalf. (Exs. 85 & 89). After the trial court denied relief, the Nevada Supreme Court affirmed. (Exs. 99 & 111). Remittitur issued on April 12, 2016. (Ex. 112).

Mr. Story retired from practice in 2016 – his petition to resign from the bar was filed on March 24, 2016, and granted on September 12, 2016. (ECF No. 9 at 31 & 34; ECF No. 44 at 5-7). There is nothing to indicate that Mr. Story ever moved to withdraw from petitioner's case or advised petitioner of his retirement.

On May 11, 2016, petitioner sent a letter to the Nevada Supreme Court indicating that he had been unable to contact his attorney because his phone number had changed without notice, and that he would like to know the "status" of his case. (ECF No. 9 at 17). In response, the Nevada Supreme Court sent petitioner a copy of the docket sheet, showing that an order of affirmance had issued in his appeal. (ECF NO. 9 at 18-19). The docket sheet was printed out on May 19, 2016. (*Id.*) There is no evidence to indicate that the court sent petitioner any further information, including the order of affirmance.

On May 24, 2016, petitioner signed a motion to withdraw counsel and for transfer of his case file, which was received by the trial court on June 3, 2016, and granted on June 28, 2016. (ECF No. 9 at 8-14).

On August 11, 2016, petitioner wrote a letter, which was received by the trial court on August 17, 2016. (ECF No. 9 at 15-16). In that letter, petitioner indicated that Mr. Story had not yet complied with the court's order directing him to transfer petitioner's case file. (*Id.*)

On September 14, 2016, petitioner filed a motion for contempt with the state court, indicating that Mr. Story had still failed to provide him with his case file. (ECF No. 9 at 21-24). In the motion, petitioner asserted that Mr. Story never communicated with him after filing the postconviction notice of appeal, would not accept or respond to any of petitioner's letters or phone calls, and that his phone number and address changed without notice. Petitioner asserted that Mr. Story never informed him that the Nevada Supreme Court had decided his appeal or issued remittitur and that petitioner has "never received any copy of said order or remittitur." (*Id.*) The State, in a response filed September 23, 2016, indicated that on information and belief, Mr. Story was no longer practicing in Nevada and had in fact left the United States with no plan to return. (*Id.* at 26).

Petitioner thereafter, on or about November 14, 2016, filed his federal habeas petition, which respondents now move to dismiss as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The one-year limitation period begins to run after the date on which the judgment challenged became final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual. 28 U.S.C. § 2244(d)(1)(A).

As set forth in the court's prior order, unless otherwise tolled or subject to delayed accrual, the deadline for petitioner to file a

federal petition for writ of habeas corpus was September 29, 2016.[3] (ECF No. 5 at 3). Petitioner filed his federal petition roughly 47 days later, on or around November 14, 2016.[4] Petitioner concedes that the petition was filed at least 30 days after September 29, 2016, depending on when petitioner mailed his habeas petition, but asserts that the limitations period should not have expired by that time due to the application of equitable tolling.

Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

---

[3] The parties generally agree with the court's calculation, though respondents assert the statute expired one day earlier. The difference, in the context of this case, is immaterial.

[4] As the court previously noted, the petition is dated October 28, 2016, but the motion for appointment of counsel submitted with it is dated November 14, 2016. (ECF No. 1-1 & 1-2). The court finds it unnecessary to determine the exact date the petition was mailed because, as will be discussed, petitioner is entitled to equitable tolling through the date of filing the petition, even if it was not filed until November 14, 2016.

The Ninth Circuit has "adopted the 'stop clock' approach to analyzing claims for equitable tolling. "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (citing *Gibbs v. Legrand*, 767 F.3d 879, 891-92 (9th Cir. 2014)).

Petitioner asserts he is entitled to equitable tolling based on the abandonment by postconviction counsel and his lack of his case file.

"Failure to inform a client that his case has been decided, particularly where that decision implicates the client's ability to bring further proceedings and the attorney has committed himself to informing his client of such a development, constitutes attorney abandonment." *Gibbs v. Legrand*, 767 F.3d 879, 886 (9th Cir. 2014); *see also Maples v. Thomas*, 565 U.S. 266, 283 (2012). Further, the complete lack of a case file might, under some circumstances, justify equitable tolling, *see Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009); *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002), if "the hardship caused by lack of access to his materials was an extraordinary circumstance that caused" the untimely filing of his federal petition. *See Waldron-Ramsey*, 556 F.3d at 1013.

Petitioner asserts that discovery is necessary to prove his claim of abandonment by counsel and lack of his case file. However, the court finds that the evidence in the record sufficiently supports the petitioner's claim such that discovery is not necessary. Considering the parties' arguments and the evidence that has been submitted, the court finds that the statute of limitations should be equitably tolled

through the filing of the *pro se* petition due to Mr. Story's abandonment of petitioner and petitioner's lack of access to at least part of his case file, including importantly and undisputedly, the Nevada Supreme Court's decision in his postconviction appeal.

Petitioner's exhibits demonstrate both Mr. Story's abandonment of petitioner during the pendency of his postconviction appeal and petitioner's diligent efforts to learn the status of his case on his own and obtain his case file so he could file his federal petition. Respondents do not concede petitioner's assertion that Mr. Story abandoned petitioner but nor do they offer any persuasive argument or evidence to counter it. They also offer no evidence or argument in support of a contention that petitioner had in his possession, at any time before filing the federal petition, a copy of the Nevada Supreme Court's decision in his postconviction appeal. It was not unreasonable for petitioner to attempt to obtain a copy of this and the rest of his file before submitting his federal habeas petition, which clearly caused a delay of at least two months. It is further clear that petitioner acted diligently once learning that he was not likely to ever obtain his file from Mr. Story, who had left the country. He prepared and filed his federal habeas petition less than two months after learning this information, which the court finds in the context of this case to be diligent. The court further finds that petitioner has sufficiently established that he missed the federal filing deadline due to the extraordinary circumstances he faced. The respondents' arguments against application of equitable tolling in this case are not persuasive.

As the *pro se* petition is therefore considered timely and respondents do not argue the operative amended petition is untimely

on any other grounds, *i.e.*, that it does not relate back to the *pro se* petition, the motion to dismiss the amended petition as untimely will be denied.

Turning to petitioner's motion for discovery, that motion too will be denied. Petitioner's sole basis for seeking discovery is to bolster his claim of equitable tolling. Because the court has concluded that petitioner should be given the benefit of equitable tolling in this case, there is no reason to allow further discovery to support that claim.

In accordance with the foregoing, IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that petitioner's motion for discovery (ECF No. 34) is DENIED.

IT IS FURTHER ORDERED that respondents shall file an answer to the amended petition within sixty days of the date of this order. Petitioner will have thirty days from service of the answer within which to file a reply.

IT IS SO ORDERED.

DATED: This 11th day of April, 2019.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE